versus Astra Tech, Incorporated et al. Is it Rosenfeld? I believe you're on. Good morning. Good morning. I'd like to reserve two minutes, Your Honor, for rebuttal. You may. Your Honor, with me is Camille Sarouf, Sarouf Law, and Mr. Ryan is right there. This is a case where Mr. Ryan, a California lawyer, was admitted pro hoc vitre in the U.S. District Court, District of Massachusetts. He had his pro hoc vitre revoked by the trial judge after the opposing counsel accused him of misconduct during a deposition. The accusation was that he passed a note to his client while she was answering a question and that he lied to the opposing counsel by denying it. Just as this court has local rules governing alleged attorney misconduct, so does the Massachusetts U.S. District Court. Local Rule 86, 83.648 provides for misconduct defined in these rules and for good cause shown, and after notice and an opportunity to be heard, any attorney admitted to practice before this court may be disbarred, suspended, reprimanded, or subjected to such other discipline as circumstances warrant. Local Rule 83.68a is for attorneys specially admitted, and it provides that whenever an attorney applies to be in this court or is admitted to this court for purposes of a particular proceeding or pro hoc vitre, the attorney shall be deemed thereby to have conferred disciplinary jurisdiction upon the court for any alleged misconduct. Local Rules 83.65c and d provide that if show cause is issued, then... Mr. Rosenfeld, did you or your client argue below to the judge before he issued his decision that the court was obligated to follow the procedures that you're reading to us in Rule 83.65 and 64? Your Honor, I didn't get into the case until after he issued the order. So before you got into it, did anyone argue to the District Court judge that it was obligated to follow these particular procedures? I don't believe so, Your Honor. And then on the motion for reconsideration... Right, that was argued, Your Honor. So this argument was raised only at the... Procedural due process wasn't followed. That was the motion for reconsideration that I filed. So that was the first time anyone said to the District Court, you need to follow Rule 83. Right. And the judge rejected that, Your Honor, saying that he had provided procedural due process, and he said that there were no rules that applied. And therefore, he applied his own set of rules. Your Honor, and what he did is he ignored those rules, the local rules. He followed his own procedures, which I would submit to you were unauthorized, and lacked due process. And due process in attorney misconduct cases has been required since the Ruffalo case in 1967. Let me ask you about that then, because certainly under Rule 30, Rule 27, Rule 26, District Court has an ability to hear disputes concerning discovery, behavior, depositions, and to sanction misconduct. Right. And as I understand what the District Court did, he clarified that he'd held a hearing on a Rule 30 issue concerning conduct and made certain findings and issued sanctions, specifically monetary sanctions and then a show cause order. Why couldn't this judge invoke Rule 30? Because that was the October 24th hearing, Your Honor, and at that hearing was actually set down for a status hearing. The judge converted that to an evidentiary hearing in which he made specific findings of misconduct on the basis of the opposing counsel filing a motion for sanctions. The record that I read, the judge didn't convert it to that. The opposing counsel had notified the court in advance and notified your client in advance that this behavior had occurred in a deposition. They then brought it up, and then without objection by your client, the court asked each side what happened at the deposition, like judges regularly do, and then took some testimony. Your Honor, the judge tried to claim that the counsel should have been prepared, realized that that hearing was going to be converted. I think that that makes no sense. Well, counsel, it wasn't converted to a Prohoc Vitae revocation hearing. It was a hearing on a discovery dispute, and it was important for the judge in terms of ruling on the issue that arose during the deposition to The deposition was that morning. The rule, it was a motion for sanctions. Sanctions. Right, but not a motion for revoking the Prohoc Vitae. That's right. That didn't even come up until after the judge heard all the evidence, at which time he asked counsel, opposing counsel, are you also filing a motion for Prohoc Vitae to revoke the Prohoc Vitae, and she then filed the oral motion. In other words, the notice that was given in this After that first hearing, there was never a request by your client for any type of additional hearing. The court issued the show cause order. There was an extensive response, if I understand the record correctly, by your client, a written submission. When he issued the show cause, he did put in a written submission arguing that the evidence wasn't there to support the revocation of the Prohoc Vitae. But in response to the show cause, there was never a request by your client for a hearing. Your Honor, there was a request for a hearing. The hearing that he was provided did not meet the constitutional requirements. It was constitutionally deficient, and yet the judge relied on the evidence that he took at that hearing as the basis for the revocation of the Prohoc Vitae. Let me ask you a practical question that follows up on what Judge Thompson is asking. Clearly, a judge has discretion under Rule 30 when a fight breaks out at a deposition to adjudicate what happened. Sometimes judges do it on the phone.  And this judge then held the hearing. Given that in that Rule 30 discovery dispute, the judge found with evidence that your client lied and indeed was lying to the judge there that day, isn't he doomed from that point forward as a practical matter? He should have been. And the reason I say that is that the judge, when he issued, why he found that Mr. Ryan had lied, he said that because he refused to provide opposing counsel with his documents and he refused to move the purse that was on the table, and that was evidence that he patently had lied. That's not enough to support a finding like that. That's not evidence of that. Well, now I think what you're doing, if I understand the argument correctly, is you're saying that the Rule 30 decision sanctioned by the judge and the findings he made were unsupported by sufficient evidence to make those findings. That's correct. And then he turned that into a show cause why his pro hoc shouldn't be revoked. How do you say that a district court judge, when your client says this was the piece of paper that I had, and the court reporter says, no, it wasn't, it had additional writing on it, why can't a trial judge decide I believe the court reporter, I don't believe your client? He can, Your Honor, except that he started out in that by saying that he was applying prior troubles to his decision-making at that hearing and the fact that Mr. Ryan had, as he claimed, had previously lied to him about an amended complaint. That was all taken into account by the judge, not just what the stenographer had said. And he also, and as I pointed out, the fact that he said that Mr. Ryan did not respond when opposing counsel asked him to turn over the paper or to move the purse, that that somehow made him into a liar. And, Your Honor, that's just not the kind of, that's not the kind, lawyers aren't required to turn over their documents to others when they ask for it or demand it. And I think Mr. Ryan was acting within his rights when he did that. The judge was, because he didn't give him the opportunity to prepare for a meaningful hearing, then that's why the problems arose. And the evidence that the judge found at this hearing that was unnoticed was insufficient to support what his findings were and insufficient to support the revocation. Thank you. Ms. Kramer, good morning. Good morning, Your Honors. May it please the Court, I'm Andrea Kramer and I represent the appellees here. I'm going to start with just the end of some of the points. The judge below did not find that Mr. Ryan had lied because he would not move a purse and didn't show me the note. He found on the evidence at the hearing in front of him, under oath by the only witness there who was not tied to anybody else, that there was one note on the paper, she saw a second note go on the paper, she saw Mr. Ryan move the note over, she saw him take it out of the room, and then what he presented to the Court was not the notepad with the two notes on it. It wasn't the purse and it wasn't that he didn't show me the note, although that did play some role in it because, again, Mr. Ryan then told the Court that day, when his memory would be the freshest, and after he had ordered the transcript, that I had not asked to see the note. In fact, as the Court pointed out, that again was a misstatement of the record. Opposing counsel points out that the judge also relied on prior troubles. As the judge said, and I think his decisions speak most loudly in this case, not the characterizations or mischaracterizations in Appellant's brief, but what the judge actually wrote. He looked at what had happened with that amended complaint and also a plethora of information that he had before him that day because Mr. Ryan, we were in court originally because Mr. Ryan had sought to take the deposition of another witness and was moving to compel that. In response to that, I had submitted lengthy documents, and the Court had all of that in front of it as well, and had already spent an hour in the hearing taking Mr. Ryan to task for misstatements and erroneous missteps at that point. So the basic points here are that Mr. Ryan's pro hoc vicege was revoked for lying to the Court in court. He was not revoked for sneaking in the extra paragraph, which may have been no harm, no foul, although the record speaks for itself on that. But the point was, and this has never been disputed, he knew it wasn't in the complaint, he stuck it in the complaint, he didn't ask me, he didn't tell me, and he didn't tell the Court. And that was really all that the Court was very troubled by. Okay, so there were two things that the Court felt that Mr. Ryan had lied about, and to the Court, whether he had written a note during the deposition, regardless of what that note said, and then whether the document he had presented to the Court was the same document. There's a lot of argument in the reply brief about whether the hearing, you can't have a hearing come before the notice. I believe, Judge Thompson, you really, you hit it on this, which is the notice was on October 31st, the hearing, if you will, the opportunity to respond was the substantial submission after it. It was after. We're not saying, nobody, the judge had never said that the hearing on October 24th was the pro hoc vicege revocation hearing. That was a sanction hearing. The hearing, the opportunity to respond was the submissions. Let me ask you about the pro hoc vicege. The judge holds the Rule 30 discovery dispute, makes certain findings, issues a sanction, and as I understand, also issued an order to show cause that then scheduled briefing on the question of whether he should be removed from practice before the Court. On that issue, if he had asked the judge to follow the Rule 83 procedure, would the judge have been obligated to do that? Is that a mandatory procedure that the judge must follow if requested? Okay, so I'm just confused as to the two procedures. The one about referring it to? Yes. He is not required to do that. That is discretionary. And what authority can you point us to? How do we know that that's the case? The word right in the Rule that says may. It doesn't say must. It just says may. And other courts looking at similar rules said that it was discretionary. And Mr. Ryan's counsel agrees that it's discretionary. That doesn't make it so. But, I mean, the only authority is the word may in the Rule. Why would you? There's two ways to read the may. One is if you want to do anything, you may do this. The other way is if you want to do anything, you have an option, and this is one. And that's the way you're reading it, I think. Why would there be this big procedure with the chief judge getting involved, with a three-judge panel, with independent counsel, if you could simply say, I'll just do it on my own? I think that's a great question, Heather, and I thought about that. And I think it goes to, in fact, some of the cases that Mr. Ryan cited in his first brief, which is if the allegations of wrongdoing that are going to lead to the revocation actually concern conflicts, if you will, challenges to the judge himself or herself, then those should be referred out. So there's a series of cases where judges have penalized attorneys for asking the judge to recuse him or herself. Those should be then sent out. Those would be the ones. If the judge can't remove himself or herself from the proceedings enough, then those would go to the three-judge panel, whereas in all these other cases, including the one in Rhode Island and third circuit ones, where the judge has actually seen the behavior but is not part of what's going on, those do not have to be referred to any kind of three-judge panel. What about when the judge feels that the judge himself was lied to directly by the lawyer? Which category do you put that in? I think the case law puts it in the latter category, because it's not an attack on the judge. It could, and I think one case actually spoke of that. I could find which one it was if you want, Your Honor. But one of the cases cited in my brief actually speaks of that, where there wasn't a personal attack on the judge, but things had escalated so much that it seemed that the judge was personally involved. And I think it could morph into that or transform into that. If the judge were lied to and the judge got so upset, there were some further proceedings. Here, there didn't seem to be that. This was nothing for what it shouldn't be run-of-the-mill, but sort of a run-of-the-mill. He misstated. He made misrepresentations to the court. The court didn't in any way indicate that it took it as any kind of personal affront. The court didn't become invested in it. The court just believed we can't run our courts this way, and that's not appropriate for you to do if you're in Massachusetts. There is a significant case law cited in the briefs that says that a hearing does not have to be an oral hearing. And this is what we seem to get tripped up on in the back and forth of the briefs. Mr. Ryan's briefs continue to talk about that there was no hearing without ever addressing the fact that in numerous of these cases, submissions on the papers are sufficient for both due process purposes and for the rule that says that there should be notice and an opportunity to be heard. I do want to clarify. When the judge is entertaining this kind of motion, what should be the judge's standard? What is the standard by which the judge makes the decision? Because this does have serious professional implications down the road for Mr. Ryan. Most certainly. So do you mean the standard of evidence, preponderance? Yes. So it seems that the First Circuit is leaning towards clear and convincing, and many of the cases that have decided it have gone with clear and convincing. That seems to be reasonable. The Supreme Court has said there's not a property interest in a constitutional dimension, except since then many circuit courts have said there's a limited property interest. And in this day and age of people practicing in different courts, that there should be some concern for it, for the revocation. It would seem that if you're going to do something that's going to have such an impact on somebody's livelihood, clear and convincing would be fine. And that standard has been met here. The judge specifically acknowledged that. The only evidence before the court of what happened at that moment was actually the court reporter. Mr. Ryan's client at the hearing said that she did not see whether he wrote anything at the deposition, and she did not see the notepad before it was removed from the room. So the only person who testified was the reporter who said, I did see the note written, I did see it passed, and I saw it be taken out of the room. So should the clear and convincing be only applied to what happened at the deposition, or is it correct that the judge could take a look at the cumulative situations that occurred before him? The case list seems to suggest the latter, Your Honor. In this case, the judge was considering what happened there, and there was clear and convincing evidence. It is clear that the judge also took into account what had happened with the amended complaint. There is nothing in any of the cases, there's numerous cases cited in the brief where there's a long history between the judge and the attorney whose Pro Hoc Fice eventually gets revoked. And in those cases, there's nothing to suggest that the court could not take into account the previous actions. The court gets to know who the attorneys are, knows the history in the case, and that could go into the clear and convincing. It need not have here. Thank you, Your Honors. I believe you have three minutes. Your Honor, right in the October 31st show cause hearing, the judge talks about why he finds that Mr. Ryan patently lied, and that's because he didn't do what Ms. Kramer asked him to at the hearing. I don't see how that becomes clear and convincing evidence of a lie, that he failed to do that. Why would he even expect it? Second, there's a rule governing what you should do when there's attorney misconduct allegations, which I went over already. That's the obligation of the judge to follow those rules. It's not the obligation of the counsel to demand that the judge follow those rules. The judge is supposed to do that because that's required under procedural due process. And so I think that under that. And third, where Ms. Kramer just brought up about the rule says may, what the rule says may about is when there's allegations of misconduct and it comes to the attention of a judicial officer. It says he may get an investigator or someone else appoint, someone like the bar counsel to do an investigation. But when a show cause issue, a show cause order is issued, then he must report the matter to the chief judge if the attorney has denied the facts and or has asked for a hearing and mitigation. Mr. Ryan did that. The judge did not refer the matter to the chief judge to send it to a three-person committee. The procedures weren't followed that should have been followed. That's why this case ended up the way it did. The judge was acting on his own, making all these decisions. That is not fair and it's not right. And there should be the judges, just like everybody else, should be made to follow the procedures that have been set up by the district court to deal with attorney misconduct allegations. Thank you, Governor.